69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amanda COULSON, Plaintiff-Appellant,
v.
WASHOE COUNTY; Douglas County, Defendants-Appellees.
 No. 94-16985.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Amanda Coulson appeals the district court's summary judgment dismissal of her 42 U.S.C. Sec. 1983 action and pending state claims. She contends that her rights were violated when she was arrested and detained pursuant to an active, but invalid, warrant for her arrest. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 I. BACKGROUND
 
 3
 On May 4, 1990, Coulson received a ticket for running a red light. The citation required her to appear at the Reno Justice Court (RJC) in Washoe County on May 30, 1990. When she failed to appear a criminal complaint and arrest warrant were issued. In early July, Coulson went to the RJC and paid the fine, administrative fee and penalty for her failure to appear. At that time the RJC should have quashed the arrest warrant. The paid ticket, however, was misfiled, and the warrant was never quashed.
 
 
 4
 On October 1, 1990, at 10:00 a.m., Coulson applied for a work permit at the Douglas County sheriff's office. During the routine processing of her application, a clerk noticed that there was an outstanding warrant for Coulson's arrest. Another county employee called the Nevada Highway Patrol (NHP) and confirmed that the warrant was still active. A deputy arrested Coulson and eventually placed her in a cell with telephone access.[1]
 
 
 5
 Another deputy then called an RJC clerk who told him that the warrant should have been quashed. At 11:35, the RJC told the NHP to quash the warrant and then informed the sheriff's office. At 12:12 p.m., the sheriff's office received written confirmation and promptly released Coulson. She had spent approximately 40 minutes in the cell.
 
 
 6
 Coulson sued Washoe County (the location of the RJC) and Douglas County (the location of the sheriff's office). The district court granted summary judgment for both counties. A stipulation among the parties dismissed Washoe County from the appeal.
 
 II. ANALYSIS
 
 7
 We review a grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). Viewing the evidence in the light most favorable to Coulson, we must determine whether there are any genuine issues of material fact and whether the trial court applied the correct substantive law. Id. "[W]e may affirm judgment on any basis supported by the record." Shaw v. California Dept. of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir.1986).
 
 
 8
 Coulson contends that the district court erred when granted summary judgment to Douglas County because there are material facts at issue that should be decided by a jury. However, "there is no genuine issue [in dispute] if the evidence presented in the opposing affidavits is of insufficient caliber or quantity to allow a rational finder of fact to find [for the opposing party] by clear and convincing evidence." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). Our careful review of the record discloses no genuine dispute of any material facts. The district court properly considered the motion for summary judgment.
 
 A. Constitutional Claims
 1. Fourth Amendment
 
 9
 Coulson argues that her Fourth Amendment right to be free from unreasonable searches and seizures was violated when she was detained for approximately 40 minutes between the time when the sheriff's office received oral notice that the warrant had been quashed until the time it received written confirmation.
 
 
 10
 A police officer acting in good faith on an invalid arrest warrant is not liable for his actions. United States v. Hensley, 469 U.S. 221, 232 (1985) (citing Turner v. Raynes, 611 F.2d 92, 93 (5th Cir.), cert. denied, 449 U.S. 900 (1980)). The county's policy of insisting on written confirmation, which led to an additional 40 minutes waiting time for Coulson, was cautious but not unconstitutional. Even if we were to find that Coulson should have been released based on the oral notice, which we do not, the additional period of time that she was held does not rise to the level of a constitutional violation. See Baker v. McCollan, 443 U.S. 137, 145 (1979) (three day detention based on an erroneous warrant check was not unconstitutional).
 
 
 11
 Although she was never searched or required to disrobe,[2] Coulson also contends that she was subjected to an unreasonable seizure when a deputy required her to remove her belt and shoes and took her agenda book. All the items were returned to her upon her release. "An intrusion by jail officials pursuant to a rule or policy with a justifiable purpose of imprisonment or prison security is not violative of the Fourth Amendment." United States v. Hearst, 563 F.2d 1331, 1345 (9th Cir.1977). "[O]nce the government establishes that the intrusion is for [that] purpose ... the Fourth Amendment question is essentially resolved in its favor." Id. at 1346. The officials were acting in conformity with an active arrest warrant. They were entitled to seize items pursuant to the booking process.
 
 
 12
 The district court properly granted summary judgment for the defendants on the issue of whether Coulson's Fourth Amendment rights were violated.
 
 2. Due Process
 
 13
 Coulson alleges that Douglas County failed to prove that a warrant ever existed for her arrest, therefore she was denied her liberty without due process. Coulson has not made any credible showing that the county officials acted without an arrest warrant. She further alleges that if a warrant existed, then it was improperly destroyed "as part of a conspiracy to deny her constitutional rights." At her deposition, however, she testified that she requested that her file be purged. Summary judgment was properly granted.
 
 
 14
 3. Sixth, Eighth and Fourteenth Amendment Claims
 
 
 15
 Coulson argues that the County violated her Sixth, Eighth and Fourteenth Amendment rights. Municipal governments, such as Douglas County, may be sued under 42 U.S.C. Sec. 1983 only for their own unconstitutional or illegal policies. They may not be sued for the acts of their employees under a respondeat superior theory. Monell v. Department of Social Serv., 436 U.S. 658, 691 (1978). Coulson has failed to allege that any County policy or practice led to these alleged constitutional violations. Summary judgment was properly granted on all of these issues.
 
 
 16
 Even if Coulson's complaint, briefs or affidavits could be read to allege such a policy, her claims are meritless. Coulson contends that her Sixth Amendment right to be informed of the nature and cause of the accusations against her was violated. In her deposition, however, she admits that she was told that the arrest was pursuant to a warrant relating to a traffic offense. Moreover, an accused does not have a Sixth Amendment right to be informed of the nature and cause of the accusation until the government has committed itself to prosecution. Kladis v. Brezek, 823 F.2d 1014, 1018 (7th Cir.1987); see also Standberg v. City of Helena, 791 F.2d 744, 747 (9th Cir.1986) (30 minute delay in informing defendant of the nature of his crime did not constitute an impermissible delay).
 
 
 17
 Coulson argues that an officer used excessive force, in violation of the Eighth Amendment, when he placed his hand on her back to "push" her into the cell after she refused to enter. She argues that, because the arrest warrant was invalid, any use of force was excessive. She cites no legal authority for this theory. In White v. Roper, 901 F.2d 1501, 1507 (9th Cir.1990), the court considered four factors in its excessive force analysis: (1) the need for force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; and (4) whether the force was applied in good faith. The White court held that the prison officials did not use excessive force when three officers subdued a pretrial detainee to force him into a cell. Id. Here, the officer used limited force when Coulson refused to enter the cell voluntarily. He was acting pursuant to an active arrest warrant. The force used was not excessive and caused no injury.
 
 
 18
 Coulson further contends that she was subjected to cruel and unusual punishment when she was forced to stand in line while a clerk confirmed the arrest warrant. She offers no evidence or legal analysis to support her claim other than her own statement that it was "the cruelest, cruelest punishment that I've ever been through." This contention is frivolous.
 
 
 19
 Finally, Coulson argues that her equal protection rights were violated when she was allegedly subjected to different treatment based on either her sex, her dress as a professional dancer or her Australian citizenship. An equal protection claim, however, requires a showing of dissimilar treatment for people in similar situations. Plyler v. Doe, 457 U.S. 202, 216 (1982). Coulson offers no evidence to show that she was treated differently from anyone else.
 
 B. State Claims
 
 20
 Coulson asserts that the district court had pendent jurisdiction over her state claims for false arrest, false imprisonment, and negligent hiring, retention and supervision,[3] but that it did not decide those issues on summary judgment. A reasonable interpretation of the district court's order is that it intended to dismiss all of Coulson's claims against Douglas County.[4] Douglas County did not limit its motion for summary judgment in any way. It extensively addressed each of her claims, including the pendent state claims. Furthermore, the district court properly dismissed the state claims because Coulson failed to present any credible facts that support her theory.
 
 
 21
 If the district court did dismiss her state claims, Coulson argues that the dismissal was in error because the statute of limitations has expired on filing her claims in state court. Coulson's reliance on Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988), is inapposite. There, the Court held that it is within the district court's discretion to remand a properly removed case to state court when all federal claims have been dismissed. Because Coulson chose to file her case in federal court, remand is not an alternative in this case. Nor was the district court required to retain jurisdiction.
 
 III. CONCLUSION
 
 22
 The district court properly granted summary judgment for Douglas County on all claims. Coulson's request for attorney's fees is denied.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 It is unclear whether Coulson was placed in the cell before or after the sheriff's office received oral confirmation that the fine had been paid
 
 
 [2]
 Coulson complains that she was "searched." Because there is no evidence in the record to support this claim and she admits in her deposition that she was not searched, we do not find it necessary to discuss whether a search would have been unconstitutional
 
 
 [3]
 Douglas County argues that these claims are more properly construed as federal claims under Sec. 1983. Thus, they were disposed of by the district court order. Coulson insists that these are separate state claims. Because we hold that all claims were dismissed, we do not need to decide whether the false arrest, false imprisonment and negligence claims were properly characterized as state claims
 
 
 [4]
 The district court wrote: "An officer relying in good faith on an invalid arrest warrant has a defense to civil suit. U.S. v. Henley, 469 U.S. 221, 232-33 (1985). Accordingly, summary judgment must be granted to defendant Douglas County. Negligent acts, without more, do not constitute a deprivation of protected constitutional rights. Daniels v. Williams, 474 U.S. 327, 330-31. Accordingly, summary judgment must be granted to defendant Washoe County."